HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE MCDANIEL, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> GARMIN, LTD., et al., <br><br>    Defendants. | CASE NO. C12-2243RAJ <br><br> ORDER |

## I.  INTRODUCTION

This matter comes before the court on Plaintiffs' motion to remand. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motion to remand (Dkt. # 8) and directs the clerk to REMAND this action to King County Superior Court.

## II.  BACKGROUND

Plaintiffs Steve and Signe McDaniel, along with their son, were sailing their yacht off the coast of British Columbia when the yacht struck a submerged rock and nearly sank. They contend that an electronic navigation device failed to alert them to the rock. Defendant Garmin International, Inc. ("Garmin") manufactured the device. The McDaniels sued Garmin[1] in King County Superior Court, invoking Washington product liability law. The operative complaint alleges that the McDaniels incurred towing costs

---

[1] Plaintiffs named both Garmin, Ltd. and Garmin International, Inc. as Defendants. No one contests that Plaintiffs have yet to serve Garmin, Ltd.

ORDER – 1

of just over $9,000 and repair costs of just over $56,000.  Nov. 26, 2012 Amend. Compl (Dkt. # 4) ¶ 9.  It also asserts that "Plaintiffs and their child suffered emotional injuries in the incident, in an amount to be proven at trial."  *Id.* ¶ 10.

At about the same time that the McDaniels filed their amended complaint, their attorney sent Garmin a settlement demand.  Kiendl. Decl., Ex. A (Nov. 26 ltr.)  It repeated the allegations regarding towing and repair costs.  *Id.*  It also stated as follows: "[T]he near sinking at sea was a highly traumatic event for Mrs. McDaniel and their son, and fair compensation is in the amount of $25,000."  *Id.*

Garmin timely removed the case, contending that the court had subject matter jurisdiction both because the suit invoked maritime law (28 U.S.C. § 1333) and because it satisfied the requirements of diversity jurisdiction.  A federal court has diversity jurisdiction over a claim when no plaintiff is domiciled in the same state as any defendant, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  No one disputes that the McDaniels are Washington domiciliaries and that Garmin is not.  The sole factual dispute, at this stage, is whether the amount in controversy exceeds $75,000.

The McDaniels have moved to remand this action.  In support of that motion, Mr. McDaniel filed a declaration that states as follows:

> We . . . requested damages for emotional injury.  However, as of the date of removal of our complaint, these damages are less than $5000, and we stipulate not to seek emotional harm damages greater than this amount.

McDaniel Decl. ¶ 5.

The court now considers the McDaniels' motion to remand.

### III.  ANALYSIS

Federal law generally permits a defendant to remove a state court action that could have been brought in federal court.  28 U.S.C. § 1441(a).  There is, however, a strong presumption against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  When a plaintiff challenges removal jurisdiction, the defendant bears the

ORDER – 2

burden of "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567.

### A. The Court's Jurisdiction Over Maritime Torts is Not a Basis for Removal, and the McDaniels Did Not Waive an Objection to Removal on that Basis.

Garmin cited two bases for the court to exercise subject matter jurisdiction over this case: admiralty jurisdiction and diversity jurisdiction. When the McDaniels filed their motion to remand, they mentioned only diversity jurisdiction. In its opposition to the motion, Garmin engages in verbal gymnastics to suggest that the McDaniels' failure to mention admiralty jurisdiction means they cannot seek remand.

There is no question that the court has subject matter jurisdiction over the McDaniels' maritime claim. The savings-to-suitors clause of 28 U.S.C. § 1333(a) permits a plaintiff to file a maritime tort suit in either state or federal court. *Mendez v. Ishikawajima-Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir. 1995). But, whereas federal courts have subject matter jurisdiction over maritime tort suits, a defendant does not have the statutory right to remove a maritime tort suit. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001) ("[S]aving clause claims brought in state court are not removable under 28 U.S.C. § 1441 absent some other jurisdictional basis, such as diversity or federal question jurisdiction."). It is likely that Garmin is aware that it had no authorization to remove a maritime tort claim – it cited *Morris* in its opposition to the motion to remand, and carefully worded its opposition so that it did not assert that the presence of an admiralty claim gave it the right to remove.

Garmin correctly observes that the McDaniels did not, in their motion to remand, mention admiralty jurisdiction or the lack of statutory authorization to remove maritime tort suits. A plaintiff seeking remand on a basis other than lack of subject matter jurisdiction must move to remand "within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Although the McDaniels filed their motion to remand within 30 days after Garmin filed its notice of removal, they did not mention admiralty

ORDER – 3

jurisdiction until their reply brief, which they filed more than 30 days after the notice of removal.  Where a party fails to timely object to a defect in removal that is not based on lack of subject matter jurisdiction, it waives the objection.  *Morris*, 236 F.3d at 1069.

The court concludes, however, that the McDaniels did not waive an objection to removal based on admiralty jurisdiction because Garmin did not unambiguously remove on the basis of admiralty jurisdiction.  In its notice of removal, Garmin stated as follows:

> 10.  There is complete diversity between Plaintiffs … [and Garmin].  The above-captioned action may be removed to this Court pursuant to 28 U.S.C. § 1332(a)(3).
>
> 11.  An additional basis for jurisdiction before this Court is that the Amended Complaint alleges matters of admiralty or maritime jurisdiction within the meaning of 28 U.S.C. § 1333(1).

Dkt. # 1.  Whereas it unambiguously designated the court's diversity jurisdiction as a basis for removal, Garmin raised maritime law as merely an "additional basis for jurisdiction."  *See* 28 U.S.C. § 1446(a) (requiring a notice of removal to contain "a short and plain statement of the grounds for removal"); 28 U.S.C. § 1447(c) (establishing "notice of removal under section 1446(a)" as the commencement of the 30-day period to bring motion to remand for defect other than lack of subject matter jurisdiction).  As with its opposition to the motion to remand, it appears that Garmin intentionally avoided misstating the law by asserting a right to remove arising from the presence of an admiralty claim.  The court cannot determine to a certainty whether the words Garmin used in its notice of removal and its opposition brief are the unintentional result of imprecise drafting or the intentional act of an attorney who knew that he had no right to remove a maritime tort suit.  It is far more likely that the Garmin's use of words was intentional.  In any event, the strong presumption against removal means that the court must resolve any ambiguity in the McDaniels' favor.  Garmin did not unambiguously invoke maritime jurisdiction *as a basis for removal*, and thus the McDaniels had no obligation to address it in a motion for remand.

ORDER – 4

**B.     Garmin Has Not Met Its Burden to Prove that the Amount in Controversy Exceeds $75,000.**

In a case like this one, where the complaint does not specify the amount of damages a plaintiff seeks, a removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). A defendant cannot rest on bare assertions, it must meet its burden with evidence. *Id.* at 400 ("[W]e expressly contemplate the district court's consideration of some evidentiary record."); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (endorsing consideration of "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy") (internal quotation omitted). Importantly, the amount in controversy is established at the time of removal. *Matheson*, 319 F.3d at 1090. Post-removal events, including the amendment of the complaint to decrease the amount in controversy or a stipulation not to seek damages greater than $75,000, do not strip the court of jurisdiction. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("[T]hat the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement will not justify remand.") (internal footnote omitted); *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 757 (9th Cir. 1999) (observing that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level").

At the time of removal, Garmin had evidence that the McDaniels sought more than $75,000 – the McDaniels explicitly sought more than $75,000 in their settlement demand. Settlement demands are evidence of the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). They are not, however, always conclusive evidence. *Id.* ("A settlement letter is relevant evidence of the amount in controversy *if it appears to*

ORDER – 5

*reflect a reasonable estimate of the plaintiff's claim.*") (emphasis added). Settlement demands may reflect a number of strategies. A plaintiff might demand a lower amount than it believes is owed in order to speed resolution and decrease the costs of litigation. A plaintiff might demand more than it believes it is owed if it believes that the defendant either overestimates damages or is willing to overpay to reduce risk and litigation cost. A plaintiff may also make a demand that reflects a sincere assessment of the actual damages owed. Without more evidence than the demand itself, it is difficult to determine what a settlement demand reveals about the actual amount in controversy.

In this case, however, there is more evidence. Mr. McDaniel declares that "as of the date of removal of [Plaintiffs'] complaint," their emotional damages were "less than $5,000." McDaniel Decl. ¶ 5. He buttressed that claim by declaring that he and his family were "never in danger of drowning or going down with the boat, that they have "done fine since" the incident, and that they have not received medical care or counseling for emotional trauma. *Id.* He also stipulated that Plaintiffs would not seek emotional harm damages greater than $5,000, thus ensuring that the total damages awarded will be less than $75,000. *Id.* The court recognizes, of course, that Mr. McDaniel's post-removal declaration as to his damages at the time of removal warrants suspicion, particularly where he expressly seeks to avoid federal court. The court further acknowledges that a post-removal stipulation to seek damages below the jurisdictional amount is insufficient. Nonetheless, courts have discretion to accept post-removal admissions of evidence of the amount-in-controversy, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006). In this case, Mr. McDaniels' declaration under penalty of perjury that Plaintiffs' damages are less than $5,000, coupled with his declaration that Plaintiffs have neither suffered significant emotional injuries nor incurred out-of-pocket costs to remedy them, and supported with a binding agreement not to seek more than $5,000 in emotional damages, is evidence worthy of credence. Should the McDaniels

ORDER – 6

seek emotional damages before a jury or other factfinder, Garmin will no doubt trumpet this evidence as proof of slight or nonexistent emotional damages.  The court weighs that evidence against Garmin's evidence, which consists solely of the McDaniels' pre-litigation settlement demand.  On balance, the court finds that Garmin has not met its burden to prove, by a preponderance of evidence, that there was more than $75,000 in controversy at the time of removal.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS Plaintiffs' motion to remand.  Dkt. # 8.  The clerk shall remand this case to King County Superior Court.

DATED this 18th day of March, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7